UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD BEYER and MONICA BEYER, | ) |
| | ) C.A. NO: |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ANCHOR INSULATION CO., INC., JOHNS MANVILLE, INC., JOHNS MANVILLE, INC. D/B/A JOHNS MANVILLE INSULATION SYSTEMS, and ICYNENE CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## JOHNS MANVILLE DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441 *et seq.*, the undersigned counsel on behalf of the defendants, Johns Manville, Inc. ("Johns Manville"), Johns Manville, Inc., d/b/a Johns Manville Insulation Systems ("Insulation Systems") (collectively, the "Johns Manville Defendants"), hereby give notice of removal of this action to the United States District Court for the District of Connecticut.

### Background Facts

1.  This is a products liability action in which the plaintiffs, Richard Beyer and Monica Beyer ("Plaintiffs"), alleges that their home was contaminated by the faulty installation by the defendant Anchor Insulation Co. ("Anchor Insulation") of SPF spray polyurethane insulation, allegedly manufactured and distributed by Johns Manville and/or Insulation Systems and the defendant Icynene Corporation ("Icynene"). Plaintiffs allege that Anchor Insulation's

faulty installation, and subsequent failure to fully remove the product, caused Plaintiffs to suffer injuries, including, but not limited to, severe headaches, burning sensations on the skin, burning eyes, heart palpitations and/or irregular heartbeats, breathing difficulties, and exacerbation of Mr. Beyer's asthma.  *See* Plaintiff's Complaint ("Complaint"), *passim*, attached as Exhibit A.  The Complaint alleges claims of failure to warn, breach of implied warranty, violation of the Connecticut Unfair Trade Practices Act, § 42-110a *et seq.* ("CUTPA"), and product defect.  *Id.*

2.        By a Complaint dated September 26, 2013, Plaintiff initiated this civil action, entitled <u>Beyer and Beyer v. Anchor Insulation Co., Inc. et al.</u>, Civil Action No. KNL-CV13-6019103-S, in the Superior Court for the State of Connecticut, Judicial District of New London at New London (the "Action").  *See* Complaint, p. 1.

3.        Johns Manville and Insulation Systems were served with a Summons and Complaint on September 26, 2013.  *See* Summons attached as Exhibit B.

4.        This Notice of Removal is timely because it is made within 30 days of the first-served defendant having received the Summons and Complaint.  *See* Exhibit B; 28 U.S.C. § 1446(b).

## Diversity Removal

5.        Complete diversity of citizenship exists between Plaintiff and the Defendants at the time of filing of the Complaint, at the time of removal, and at all intervening times.

6.        Upon information and belief, Plaintiffs were citizens and residents of Connecticut at all times relevant to the Action.  *See* Complaint, ¶ 1.

7.        For purposes of diversity of citizenship, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).

8.     Johns Manville and Insulation Systems are Delaware corporations with their principal places of business in Colorado, and, thus, are citizens of Delaware and Colorado for purposes of determining diversity.  *See* Complaint, ¶ 4.

9.     Upon information and belief, Anchor Insulation is a Rhode Island corporation with its principal place of business in Rhode Island, and, thus, is a citizen of Rhode Island for purposes of determining diversity.  *See* Complaint, ¶ 2.  Upon information and belief, Icynene is a Delaware Corporation with its principal place of business in New York, and, thus, is a citizen of both Delaware and New York for purposes of determining diversity.  *See* Complaint, ¶ 5.

10.     Defendant Anchor Insulation has consented to this Notice of Removal.

11.     As of the date of this Notice, according to Jim Newell, Icynene's Chief Financial Officer, Defendant Icynene has not been served the Summons and Complaint in this matter.  In fact, Marshal Brendan F. Noonan's Return of Service attests that, as of October 18, 2013, Marshal Noonan has not received the return receipt from Icynene's office in Buffalo, New York.  *See* Officers Return to the Court attached as Exhibit C.  Consent from Icynene, therefore, is not required.  *See* Edelman v. Page, 535 F. Supp. 2d 290, 293 (D. Conn. 2008) ("A party asserting proper removal may raise an exception to the unanimity rule when: (1) the non-joining defendants have not been served with service of process at the time the removal petition is, filed . . . .") (Citations omitted; internal quotation marks omitted.)

12.     This Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states for diversity purposes.  The above-captioned action may, therefore, be removed pursuant to 28 U.S.C. §1441(a).

13. With respect to removal based upon diversity jurisdiction, the Johns Manville Defendants represent as follows:

    a. The parties to this action are citizens of different states, and were citizens of different states at the time the suit was initiated;

    b. This is a civil action in which Plaintiffs allege that a defective SPF product installed by Anchor Insulations and manufactured by Johns Manville and/or Insulation Systems and Icynene, failed, allegedly causing Plaintiffs to suffer injuries;

    c. Plaintiff commenced this action seeking damages, exclusive of interest and costs, in excess of $15,000.  *See* Statement of Amount in Controversy attached as Exhibit D; and

    d. Although Plaintiffs' Complaint does not specify the exact amount in controversy, the Johns Manville Defendants reasonably believe that the amount in controversy will exceed the sum or value of $75,000, exclusive of interest and costs.

14. Accordingly, the requirements of 28 U.S.C. § 1332(a)(1) are satisfied, and the Court would have original subject matter jurisdiction over this action if it had originally been brought in federal court. Removal is, therefore, proper under 28 U.S.C. § 1441(a).

## Conclusion

15. This Court has original jurisdiction over this case under 28 U.S.C. § 1332(a)(1) because Plaintiffs' claims present a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this case is removable under 28 U.S.C. § 1441(a).

16. The Johns Manville Defendants reserve the right to file additional support for this Notice of Removal by way of affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument.

17. Pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446, the Johns Manville Defendants have on this date filed a notice in the Superior Court for the State of Connecticut, Judicial District of New London at New London, notifying the Court of the filing of this Notice of Removal. A copy of the Notice of Filing Notice of Removal filed in the Superior Court is attached as Exhibit E.

18. Finally, a copy of all process, pleadings and orders served upon the Johns Manville Defendants, including a copy of the civil docket sheet for <u>Beyer and Beyer v. Anchor Insulation Co., Inc. et al.</u>, Civil Action No. KNL-CV13-6019103, is attached hereto as Exhibit F.

WHEREFORE, the Johns Manville Defendants having provided notice as required by law, now remove the above-captioned action from Superior Court for the State of Connecticut, Judicial District of New London at New London, to the United States District Court for the District of Connecticut.

Dated: October 28, 2013

        By /s/ Catherine A. Mohan
            Catherine A. Mohan (ct0034)
            John P. DiManno (ct28959)
            McCarter & English, LLP
            CityPlace I
            185 Asylum Street
            Hartford, CT 06103
            Phone: (860) 275-6700
            Fax: (860) 724-3397
            Email: cmohan@mccarter.com

            Attorneys for the defendants, Johns Manville, Inc. and Johns Manville Insulation Systems.

6

ME1 16601256v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October 2013, a copy of the foregoing Defendants' Statement in Support of Removal was sent via U.S. mail, postage prepaid, to the following:

Michael J. McCabe
Counsel for Richard Beyer and Monica Beyer
23 Sunnyside Court
Milford, CT 06460

Anchor Insulation Co., Inc.
Corporate Office
435 Narragansett Park Drive
Pawtucket, RI 02861

Icynene Corporation
438 Main Street
Suite 100
Buffalo, NY 14202

In addition, I hereby certify that on this 28th day of October, 2013, a copy of the foregoing Defendant's Statement in Support of Removal was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By /s/ Catherine A. Mohan
Catherine A. Mohan (ct0034)
John P. DiManno (ct28959)
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
Phone: (860) 275-6700
Fax: (860) 724-3397
Email: cmohan@mccarter.com

Attorneys for the defendants, Johns Manville, Inc. and Johns Manville Insulation Systems.