ELECTRONIC ENDORSEMENT ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER, FILED 11/6/15 (Dkt. #101) IN <u>BEYER V. ANCHOR INSULATION CO., INC. ET AL.</u>, 13 CV 1576 (JBA)

2/8/16 – In late September 2013, plaintiffs commenced this product liability lawsuit in the Connecticut Superior Court, which was removed to this court on October 28, 2013.  (Dkt. #1).  Plaintiffs' Second Amended Complaint alleges numerous counts against defendants Anchor Insulation Co., Inc. ["defendant Anchor"], Johns Manville, Inc. ["defendant Manville"], and Icynene Corporation ["defendant Icynene"].  (Dkt. #44; <u>see also</u> Dkt. #28).[1]  Under the latest scheduling order, all discovery will be completed by June 15, 2016 and all dispositive motions will be filed on or before July 15, 2016.  (Dkt. #106 & 12/10/15 electronic entry).[2]

On November 6, 2015, plaintiffs filed the pending Motion for Protective Order (Dkt. #101),[3] in which plaintiffs allege that starting on October 21, 2015, the day before a scheduled inspection of their home, through October 26, 2015, they and their minor children were subject to surveillance from automobiles primarily with New York license plates, at their home, and again on November 3, 2015 at plaintiffs' place of business.  They seek a court order forbidding defendants "from engaging in harassing and improper discovery tactics through aggressive surveillance off [p]laintiffs which has been of an ongoing nature and has involved [plaintiffs'] young children."  (At 1).

In their briefs in opposition, filed November 24 and 25, 2015, defendant Icynene and defendant Anchor, respectively, both deny that they engaged in any surveillance of plaintiffs.  (Dkts. ##102-03).[4]  Defendant Anchor requests that it "not be prevented from engaging in surveillance should it choose to do so at some point in the future."  (Dkt. #103, at 3).  In its brief in opposition, filed November 25, 2015 (Dkt. #104),[5] defendant Manville concedes that it engaged in "limited surveillance" prior to the October 22, 2015 home inspection for less than twelve hours, that its concerns "proved to be justified[]" in that plaintiffs removed certain items from their home prior to the inspection, and that plaintiffs' allegations are "unsubstantiated."  (At 1-11). On December 28, 2015, plaintiffs filed their reply brief.  (Dkt. #109).  On February 3, 2016, this case was referred to this Magistrate Judge for discovery, including the pending motion.  (Dkt. #110).

Based upon the representations in the briefs in opposition, plaintiffs' Motion for

---

[1]On October 28, 2014, U.S. District Judge Janet Bond Arterton filed her Ruling on Motions to Dismiss (Dkt. #67), which dismissed counts alleging CUTPA violations against all three defendants.

[2]This file is notable for the  acrimony between counsel, as reflected in excessive briefing on motions to extend discovery deadlines, some of which ultimately were withdrawn.  (<u>See</u> Dkts. ##77-93).

[3]An affidavit, sworn to on November 4, 2015, from plaintiff Richard Beyer is attached.

[4]Two exhibits are attached to Dkt. #102: an affidavit from defense counsel, sworn to November 24, 2015 (Exh. A); and copies of emails between counsel (Exh. B).

[5]Attached as Exhs. A-B are affidavits from the two private investigators hired, sworn to November 25, 2015.

Protective Order (Dkt. #101) is <u>denied without prejudice as moot</u>, the limited surveillance having ended, and <u>without prejudice to renew</u>, if any surveillance re-instituted in the future goes beyond appropriate boundaries and focuses upon plaintiffs' two children, which is a legitimate concern for any parent.[6]

---

[6] Insofar as discovery will continue for another four months, until June 15, 2016, it is this Magistrate Judge's hope and expectation that counsel will conduct themselves in a more cooperative and professional fashion in the future.