IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                              :
RICHARD BEYER ET AL.                        :          3:13 CV 1576 (JBA)
                                                              :
v.                                                 :
                                                               :
ANCHOR INSULATION CO., INC. ET AL.    :          DATE: AUGUST 9, 2016
                                                              :
---------------------------------------------------------x

<u>RULING ON DEFENDANT MANVILLE'S EMERGENCY MOTION FOR A PROTECTIVE ORDER</u>

        In late September 2013, plaintiffs commenced this product liability lawsuit in the Connecticut Superior Court; it was removed to this court on October 28, 2013. (Dkt. #1). Plaintiffs' Second Amended Complaint, filed March 14, 2014, alleges numerous counts against defendants Anchor Insulation Co., Inc., Johns Manville, Inc. ["defendant Manville"], and Icynene Corporation, regarding the installation in October 2010 of spray polyurethane foam ["SPF"] at plaintiffs' home in Niantic, Connecticut; plaintiffs allege the SPF emitted noxious and harmful fumes, gases and odors, resulting in serious harm to them. (Dkt. #44; <u>see also</u> Dkt. #28). On October 28, 2014, U.S. District Judge Janet Bond Arterton filed her Ruling on Motions to Dismiss (Dkt. #67), which dismissed counts alleging CUTPA violations against all three defendants.

        On February 3, 2016, Judge Arterton referred this file to this Magistrate Judge for all discovery matters. (Dkt. #110). Under the latest scheduling order, all discovery will be completed by August 15, 2016, and all dispositive motions will be filed on or before September 15, 2016. (Dkts. ##121-22 & 4/12/16 electronic entry).

        On August 5, 2016, defendant Manville filed an Emergency Motion for a Protective Order, with a brief in support, seeking a protective order preventing plaintiffs from deposing two fact witnesses, Frieda Wimmelman, and her husband, Alan Binnick, of Vermont. (Dkts.

##158-59).[1] That same day, plaintiffs filed a memorandum in opposition to defendant Manville's emergency motion. (Dkt. #161).[2] Three days later, defendant Manville filed its reply brief. (Dkt. #162).

For the reasons stated below, defendant Manville's Emergency Motion for a Protective Order (Dkt. #158) is <u>granted in part and denied in part</u>.

## I.  DISCUSSION

As stated in defendant Manville's brief, on August 1, 2016, plaintiffs served upon all defendants "Rule 26(e)(1) Supplemental Disclosures," identifying two purported fact witnesses, Binnick and Wimmelman, who plaintiffs claim have knowledge "as to Corbond SPF failure in [their] home similar to the events alleged in Plaintiff's Amended Complaint." (Dkt. 159 at 3 & Exh. A). The next day, plaintiffs issued a subpoena for Wimmelman for a deposition to take place on August 10, 2016 in Wilmington, Vermont. (<u>Id.</u> at 3 & Exh. B).

---

[1] The following eight exhibits were attached: copy of Plaintiffs' Rule 26(e)(1) Supplemental Disclosures, dated August 2, 2016, with copy of a complaint pending in the U.S. District Court for the District of Vermont (Exh. A); copy of subpoena directed to Frieda Wimmelman, dated August 3, 2016 (Exh. B); copy of correspondence between counsel, dated August 3 and 4, 2016 (Exhs. C-D, G); copy of Plaintiffs' First Set of Requests for Production to Defendant Manville, dated July 9, 2015 (Exh. E); copy of Defendant Manville's Response and Objections to Plaintiffs' First Set of Requests for Production, dated August 10, 2015 (Exh. F); and affidavit of defense counsel, sworn to August 5, 2016 (Exh. H).

[2] The following twelve exhibits were attached: excerpts from the deposition transcript of plaintiff Richard Beyer, taken on July 6, 2015 (Exh. 1); excerpts from the deposition transcript of Tyler J. Fiske, taken on July 15, 2015 (Exh. 2); copies of emails, dated October 1, 2010 (Exh. 3); another copy of the Vermont complaint (Exh. 4); another copy of Plaintiffs' discovery requests, dated July 9, 2015 (Exh. 5); another copy of Defendant Manville's responses and objections, dated August 10, 2015 (Exh. 6); copy of Scope of Work, dated September 29, 2010 (Exh. 7); copy of subpoena to Wimmelman, dated August 2, 2016 (Exh. 8); another copy of the August 3, 2016 subpoena (Exh. 9); and additional copies of correspondence between counsel, dated August 3 and 4, 2016 (Exhs. 10-12).

Plaintiffs' disclosures also attached a complaint related to these witnesses, filed in the United States District Court for the District of Vermont on February 27, 2009 ["Vermont Action"], regarding a manufacturer and installers' obligation to pay sums related to the failure and damage caused by certain allegedly defective Corbond products. (Id. at 3-4 & Exh. A). According to defendant Manville, Wimmelman is named as the owner of a house in which the allegedly defective Corbond product was installed. (Id. at 4, Exh. A).

Defendant Manville asserts three reasons for seeking a protective order to prevent depositions of these witnesses: first, that these witnesses have no relevant or discoverable evidence related to the claims or defenses in this matter; second, these witnesses were disclosed late in the proceedings; and third, there are already four expert depositions scheduled in the next two weeks, including that of Dr. George Thompson, scheduled for 9:00 a.m. the next morning in Newark, NJ. (Id. at 1-3, 7).

In support of its first reason for seeking a protective order, defendant Manville argues that the product used in the home of these newly disclosed witnesses is not the same product that was installed in plaintiffs' home. (Id. at 2). Defendant Manville argues that plaintiffs' intent in these depositions is to "take this irrelevant discovery" in the hope that they can create an inference that "because there has been an alleged Corbond product failure in the past [], then there must have been a similar Corbond failure in the instant case." (Id. at 2, 6).

In support of its second reason for a protective order, defendant Manville argues that plaintiffs' witness disclosures were due "long ago and . . . included more than 100 people, including sitting United States Senators and other high ranking government officials." (Id. at 2). Defendant Manville argues that this recent disclosure is "consistent with [p]laintiffs'

3

pattern of listing witnesses without even a tangential connection to this case[.]" (Id.). As its third reason, defendant Manville further argues that it will be logistically difficult in holding back to back depositions in Vermont and New Jersey. (Id. at 7). Accordingly, defendant Manville argues that depositions of these witnesses would be "wholly improper and solely intended to harass Johns Manville in an attempt to create the appearance that Johns Manville is responsible for [p]laintiffs' purported injuries . . . ." (Id.).

In response, plaintiffs assert that they have recently become aware of numerous cases of Corbond failure with very similar results to those plaintiffs experienced. (Dkt. #161, at 2). Although defendant Manville argues that the product used in Wimmelman's home was different from the one at issue in the instant case, plaintiffs' brief provides that plaintiffs "aver that the product at issue in the [Vermont Action] is the same, or substantially the same product at issue in this lawsuit." (Id. at 3). Plaintiffs contend that Wimmelman's testimony is relevant in that it will show that "[d]efendant [Manville] warranted to [p]laintiffs that their SPF product was safe for residential use and failed to disclose the risks associated with their SPF product," despite being aware of numerous failures of the product. (Id. at 2). Ultimately, plaintiffs assert that the anticipated deposition testimony will support plaintiffs' claim that defendant Manville's "SPF product was defective at the time of installation, that the defect existed at the time of sale, and that [d]efendant [Manville] had knowledge of such defect." (Id. at 4, 6).

Plaintiffs also take issue with defendant Manville's complaint about the burden imposed by adding this deposition to the discovery schedule. (Id. at 6). Plaintiffs highlight that "the [four] depositions currently set to take place on this case are of [d]efendant's experts." (Id.). Plaintiffs further note that though the Vermont Action was filed in 2009,

4

they only recently became aware of this complaint and contacted Wimmelman on July 29, 2016; plaintiffs received confirmation that she'd be willing to testify the following week, and provided plaintiffs with disclosure of Wimmelman and Binnick shortly after, on August 2, 2016.  (Id.).

In its reply brief, defendant Manville reasserts that the two Corbond products are different, with plaintiffs having had JM Corbond, III installed in their home, whereas Corbond ODP Zero, sold by defendant Manville's predecessor and manufactured by a third party, was installed in the Wimmelman home.  (Dkt. #162, at 1-2).  Defendant Manville further contends that it never attempted to conceal anything because it has nothing to conceal.  (Id. at 2-3).  Defendant Manville also represents that plaintiff's counsel has not been forthright in scheduling these last few depositions.  (Id. at 3).

A. LEGAL STANDARD

FED. R. CIV. P. 26(c) permits that a party "from whom discovery is sought may move for a protective order in the court where the action is pending."  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery . . . ."  Id.  "A court is given broad discretion regarding whether to issue a protective order under Rule 26(c)."  Jerolimo v. Physicians for Women's Health, P.C., 238 F.R.D. 354, 356 (D. Conn. 2006), citing Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) and Cruden v. Bank of New York, 957 F.2d 961, 972 (2d Cir. 1992).

FED. R. CIV. P. 26(c) places the burden of showing good cause on the party seeking the order. Jerolimo, 238 F.R.D. at 356, citing In re. Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir.), cert. denied sub nom. Dow Chemical Co. v. Ryan, 484 U.S. 953 (1987); see also In re Akron Beacon Journal v. Metropolitan Life Ins. Co., No. 94 Civ. 1402, 1995 WL 234710, at *10 (S.D.N.Y. Apr. 20, 1995). Establishing good cause under Rule 26(c) requires that the moving party provide a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Id., quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). Generally, courts have found that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Id.; see also United States v. Garrett, 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978)(requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements").

If the moving party establishes good cause for protection, "the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." Jerolimo, 238 F.R.D. at 356, citing Rofail v. U.S.A., 227 F.R.D. 53, 55 (E.D.N.Y. 2005).

### B. ANALYSIS

As the moving party on this motion, defendant Manville has the burden of demonstrating good cause for the issuance of the protective order preventing the deposition of Wimmelman. Jerolimo, 238 F.R.D. at 356. "In light of the general philosophy supporting full discovery of relevant facts, courts rarely order that a deposition not be taken." Cooper v. Welch Foods, Inc., 105 F.R.D. 4, 6 (W.D.N.Y. 1984)(citation omitted).

Defendant Manville contends that any deposition of Wimmelman would be irrelevant to the instant case because it alleges she did not have this particular Corbond product in her

home.  (Dkt. #159 at 2-3; Dkt. #162, at 1-2).  However, this is not a factual matter on which the Court is capable of making factual findings at this time based upon the disputed record (Dkt. #161, at 3), and in the event the products later are found to be to similar, Wimmelman's testimony may be relevant to the instant case.  Regardless, "an allegation that a deponent knows little concerning a matter sought to be inquired does not prohibit the taking of his or her deposition."  Cooper, 105 F.R.D. at 6 (citation omitted). [3]

Defendant Manville points out that four expert depositions are planned in the next two weeks and argues that this creates an undue burden on all parties.  (Dkt. #159, at 7).  However, "[g]eneral injuries from discovery are insufficient" to warrant issuance of a protective order, but instead "[i]t must be shown that disclosure will cause a clearly defined and serious injury."  Patt v. Family Health Systems, Inc., 189 F.R.D. 518, 521 (E.D. Wis. 1999)(citation omitted), aff'd, 280 F.3d 749 (7th Cir. 2002); see also Rubin v. Hirschfeld, No. 3:00 CV 1657 (PCD), 2002 WL 32503669, at *4 (D. Conn. Jan. 15, 2002)("good cause is established by demonstrating a clearly defined and serious injury.")(citation omitted).  The specific prejudice or harm that defendant Manville mentions is travel from Vermont to New Jersey.  Defendant Manville's mere conclusory statement that such a deposition will be burdensome, unsupported by any particular and specific demonstration of fact, does not rise to the level of good cause.  However, the Magistrate Judge is sensitive to the many hours of travel that these back to back depositions would require.  Therefore, unless defense counsel decides otherwise, the Vermont deposition may be postponed until early in the week of August 15, 2016, notwithstanding the August 15, 2016 discovery deadline.

---

[3]This conclusion is, of course, without prejudice to defendant Manville making these same arguments, with sufficient documentary evidence, in the context of a motion in limine, to be determined by Judge Arterton prior to trial.

II. CONCLUSION

Accordingly, defendant Manville's Emergency Motion for a Protective Order (Dkt. #158) is <u>denied to the extent that it seeks to prevent the Wimmelman deposition from going forward in Vermont, but is granted to the extent that such deposition need not take place on Wednesday, August 10, but rather sometime early in the week of August 15, 2016</u>.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit**).

Dated at New Haven, Connecticut, this 9th day of August, 2016.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
U.S. Magistrate Judge