UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Richard BEYER and Monica BEYER,<br>        *Plaintiffs*,<br>            *v.*<br>ANCHOR INSULATION CO., INC., JOHNS<br>MANVILLE, INC., JOHNS MANVILLE, INC., d/b/a<br>JOHNS MANVILLE INSULATION SYSTEMS, and<br>ICYNENE CORP.,<br>        *Defendants*. | Civil No. 3: 13-cv-1576 (JBA)<br><br><br>August 26, 2016 |

**Ruling on Plaintiff's Objection to Ruling on Motion to Strike**

## I.  Background

This product liability dispute concerns the installation of spray polyurethane foam ("SPF") at Plaintiffs' home in Niantic, Connecticut; Plaintiffs allege that the SPF emitted noxious fumes, gases and odors that caused them serious harm. Familiarity with the underlying facts of the dispute is presumed. The current dispute arises from Plaintiffs' disclosure of a supplementary expert report,[1] which Defendants moved to strike [Doc. # 123] as impermissible under the rules governing discovery. On July 6, 2016, Magistrate Judge Margolis granted Defendants' Joint Motion to Strike that supplemental disclosure, which had been submitted by Dr. Yuh-Chin "Tony" Huang, M.D. ("Dr. Huang") to reflect his subsequent physical examination of the Plaintiffs six months after he submitted his initial report. (Ruling on Defs.' Mot. [Doc. # 144] at 2.)

---

[1] The Parties dispute the best name for this document. Plaintiffs style it "progress notes written by Dr. Huang in a clinic setting." (Pls.' Obj. to Ruling at 1 n.1.) By contrast, Defendants call it a new report. The Court adopts the name "supplemental report" but does not intend any legal conclusions regarding the nature or contents of the document to follow from its name.

Magistrate Judge Margolis found that the content of this supplemental report did not constitute an attempt to correct inaccurate or misleading information contained in the initial expert disclosure but was rather merely an attempt to bolster the initial expert report. (*Id.* at 5.)

Regarding Plaintiffs' explanation for the lateness of the disclosure, she found that Plaintiffs' choice of out-of-state expert was freely made and that, given the two-year discovery window, Plaintiffs had ample time to arrange an examination. (*Id.* at 6.) Magistrate Judge Margolis aptly noted that if Plaintiffs had been unable to secure a timely examination, they ought to have sought leave for an extension prior to their deadline. (*Id.*) Regarding the importance of the precluded material, Judge Margolis noted that some of it goes "directly to the central issues in this case," but that Dr. Huang would not be precluded from opining as to the material contained in his first, timely report. (*Id.* at 7.) Regarding prejudice, she noted that the Defendants' Independent Medical Examination ("IME") of Plaintiffs had already been conducted without the benefit of all of Dr. Huang's findings. Finally, Judge Margolis noted that there had already been many extensions in this case and that the Court had ordered that no further extensions would be granted.

In their Objection to the Ruling on the Motion to Strike, Plaintiffs provided a detailed chronology of the genesis of the expert report. (Pls.' Obj. to Ruling [Doc. # 146].)[2]  In December 2014, Plaintiffs initially retained Dr. Carrie Redlich of the Occupational Medicine Department at Yale University. (Smith Aff. ¶ 3, Ex. 1 to Pls.' Obj. [Doc. # 146-1].) In May 2015, Defendants informed Plaintiffs of a potential conflict of interest between Dr. Redlich and the Defendants and

---

[2] Curiously, Plaintiffs did not place any of the information concerning Dr. Redlich, the conflict of interest, or the need to engage a replacement expert before Magistrate Judge Margolis in Plaintiffs' Opposition to the Motion to Strike. The e-mail correspondence cited above was only introduced in support of the instant objection.

requested that Plaintiffs cut ties with her. (Smith Aff. ¶ 4; *see also* E-mail correspondence, Ex. 2 to Pls.'s Obj. [Doc. # 146-2] ("I am still baffled by Dr. Redlich's willingness to get involved in this matter. . . . Because this appears to be solely Dr. Redlich's error, the defendants are willing to extend the deadline for the plaintiffs to disclose experts by 30 days . . . if the defendants agree to abandon Dr. Redlich . . . .").

The parties agreed to a 30-day continuance of the discovery deadlines to permit Plaintiffs to find a new expert. (E-mail correspondence, Ex. 2 to Pls.'s Obj.) Shortly thereafter, Plaintiffs retained the services of Dr. Huang, who submitted his expert disclosure prior to the agreed-upon extended deadline, but without the benefit of an in-person examination of Plaintiffs. (Smith Aff. ¶ 5.) His report contained no mention of any need for or inability to timely obtain the Plaintiffs' physical examinations and Defendants subsequently arranged for an IME of Plaintiffs to test the conclusions of Plaintiffs' expert. (Ex. B to Defs.' Mem. Supp. Mot. Strike [Doc. # 124-2].) This IME was completed on Dec. 9, 2015. On January 11, after Defendants had completed their IME, Dr. Huang examined Plaintiffs for the first time and prepared the supplemental report at issue, which was finalized and served on Defendants on March 23, 2016. (Smith Aff. ¶ 7.)

## II. Discussion

A Magistrate Judge has the authority to review, hear and "determin[e] non-dispositive motions, including, but not limited to, those relating to discovery and other matters of procedure." D. Conn. L. Civ. R. 72.1(C)(2). In the event a party timely objects to a magistrate judge's written determination, "in matters determined by the Magistrate Judge under Rule 72.1(C)(2) . . . the reviewing Judge . . . shall set aside any order found to be *clearly erroneous or contrary to law* . . . ." D. Conn. L. Civ. R. 72.2(b) (emphasis added). "Under the clearly erroneous standard of review of Rule 72(a), the magistrate judge's findings should not be rejected merely because the court would

3

have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008). Further, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Id.*

Plaintiffs contend that Magistrate Judge Margolis mistakenly relied on the assertion that "Plaintiffs had nearly two years between when they filed this lawsuit and when Dr. Huang issued his original Report to arrange for travel time to be examined by Dr. Huang" (Pls.' Obj. to Ruling at 6.), when in reality they had only one week because of the expert witness conflict. However, Plaintiffs placed none of this chronological information about the conflict into the record before Magistrate Judge Margolis and the Court declines to exercise its discretion to consider such material in evaluating Plaintiffs' objection.[3]

Plaintiffs' submission makes apparent that Dr. Redlich similarly had not conducted a physical examination by the time the conflict was discovered, supporting the accuracy of

---

[3] While Rule 72(b)—regarding objections to a magistrate judge's recommended rulings—allows the district court to receive further evidence in order to conduct *de novo* review, Rule 72(a), under which Plaintiffs' objection is considered, provides no such authority. Further, given that the Court functionally operates as an appellate tribunal under Rule 72(a), it should rarely exercise its discretionary power to entertain evidence outside the record. *See Hartford Roman Catholic Diocesan Corp. v. Interstate Fire & Cas. Co.*, No. 3:12-cv-1641 JBA, 2015 WL 164069, at *6-7 (D. Conn. 2015). Even if the Court were to consider Plaintiffs' new explanation, it would find that Magistrate Judge Margolis's conclusion would not have been clearly erroneous on the expanded record.

Magistrate Judge Margolis's conclusion about Plaintiffs' use of the preceding two years.[4] The Court concludes that Magistrate Judge Margolis's finding was not clearly erroneous.

The Court further finds that Magistrate Judge Margolis's determination was not contrary to law. She properly applied the four-factor test delineated in *Softel Inc. v. Dragon Medical & Science Communications., Inc.*, 118 F.3d 955, 961 (2d Cir. 1997) to reach the conclusion that (i) plaintiff's explanation was not adequate; (ii) the precluded discovery, while important, was not overwhelmingly so, especially in light of the fact that Dr. Huang would be permitted to opine on the conclusions reached in the first report, (iii) the delayed disclosure did prejudice defendants in the conduct of their IME, and (iv) there was no possibility of continuance.

### III. Conclusion

For the foregoing reasons, the Court concludes that the determinations made by Magistrate Judge Margolis in her Ruling of Defendants' Joint Motion to Strike [Doc. # 144] were neither clearly erroneous nor contrary to law. Plaintiffs' Objection to the Ruling on Defendants' Joint Motion to Strike is OVERRULED.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 26th day of August 2016.

---

[4] "Plaintiffs were originally *to be examined* by Dr. Redlich prior to Plaintiffs' expert designation deadline." (Pls.' Obj. to Ruling at 6 (emphasis added).) By using the future tense, Plaintiffs indicate that no examination had occurred in the nearly two years available.