UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Richard BEYER and Monica BEYER,<br>    *Plaintiffs*,<br>    v.<br>ANCHOR INSULATION CO., INC., JOHNS MANVILLE, INC., JOHNS MANVILLE, INC., d/b/a JOHNS MANVILLE INSULATION SYSTEMS, and ICYNENE CORP.,<br>    *Defendants*. | Civil No. 3: 13-cv-1576 (JBA)<br><br>August 30, 2016 |

**Ruling on Plaintiff's Objection to Ruling on Motion for Sanctions**

**I.  Introduction**

This product liability lawsuit concerns the installation of spray polyurethane foam ("SPF") at Plaintiffs' home in Niantic, Connecticut; Plaintiffs allege that the SPF emitted noxious fumes, gases and odors that caused them serious harm. Familiarity with the underlying facts is presumed. The current dispute arises from Defendants' allegation that Plaintiffs engaged in the spoliation of evidence. On February 19, 2016, Defendants Johns Manville and Icynene filed a joint motion for sanctions arising out of this alleged spoliation [Doc. ## 112-114], which was later joined by Defendant Anchor [Doc. # 115]. Plaintiffs filed their opposition on March 11, 2016 [Doc. # 116] and requested a hearing on March 18, 2016 [Doc. # 117]. Defendants replied fourteen days later. [Doc. # 118.] On April 26, 2016, Magistrate Judge Margolis issued a ruling granting in part Defendants' motion for sanctions and denying Plaintiffs' request for a hearing. [Doc. # 128.] On May 10, 2016, Plaintiffs objected to Magistrate Judge Margolis' ruling [Doc. # 130] and the objection was fully joined on June 23, 2016. For the reasons laid out in this memorandum, Plaintiffs' Objection is overruled.

## II. Background

Plaintiffs' instant objection [Doc. # 130] seeks to overturn Magistrate Judge Margolis's decision that Plaintiffs engaged in spoliation of relevant evidence when they removed "at least ten separate rolled bundles of floor covering" from their home one day before Defendants were to inspect it. (Ruling on Mot. [Doc. # 128] at 6.)

As is evident in her ruling, Magistrate Judge Margolis carefully reviewed the parties' briefing and exhibits. She remarked first that Plaintiffs admitted to removing certain items from the home prior to inspection, including "candles, carpeting, rugs and furniture" and she considered Plaintiffs' explanations for these actions, taking into account their need for toiletries and laundry detergent at the hotel to which they had decamped pending the inspection, their desire to de-clutter the house prior to inspection, and medical advice to remove rugs that posed risks of slipping for Mrs. Beyer while she was mobility-impaired. (*Id.* at 3, 5.)

Magistrate Judge Margolis then focused on the disparity between what Plaintiff Richard Beyer asserted in his affidavit about what he removed and the videotape evidence shot by Defendants' private investigator showing Mr. Beyer "tossing into the back of a pickup truck at least ten separate rolled bundles of floor covering," some relatively small and some "large and bulky." (*Id.* at 6.) She reasonably found that Mr. Beyer's affidavit "grossly understate[d]" the amount of carpeting he threw away and that this fact placed in question his veracity in this matter. (*Id.* at 6.) Magistrate Judge Margolis concluded that the "large-scale removal of floor covering" constituted spoliation.

Magistrate Judge Margolis then fashioned a remedy that granted Defendants some of what they sought, denied other requests, and left certain requested remedies to this Court for consideration at an appropriate stage. Specifically, Magistrate Judge Margolis awarded Defendants

attorneys' fees and costs reasonably incurred in bringing on the motion for sanctions, but not for the costs connected with the home inspection itself. She also found that Defendants were entitled to the specific adverse inference: "that the floor covering that was removed from the Plaintiffs' home would be favorable to defendants' defense and unfavorable to plaintiffs' claims." (*Id.* at 8.) She additionally specifically found that Defendants were not entitled to an inference that the "air quality inside plaintiffs' home does not pose a threat to human health or property." She left three further requested remedies—preclusion of reports showing elevated levels of volatile organic compounds ("VOCs") in Plaintiffs' home, preclusion of testimony regarding elevated VOC levels in the home, and preclusion of expert testimony on elevated VOC levels—to the discretion of this Court.

In briefing their objection to Magistrate Judge Margolis's ruling, Plaintiffs advance a new explanation for the removal of carpeting. (Pls.' Obj. [Doc. # 130-1].) They now assert that Defendants' videotape evidence, which depicts the removal of a large volume of carpeting, is not of carpeting from the master bath area that was removed from the home the day before the inspection, but rather of carpeting from the study that was subjected to water damage, removed from the home some six weeks before the inspection, stored on the patio, and thrown away the day before the inspection. (*Id.* at 3-4.) Plaintiffs then explain that they did not mention this carpeting in their prior briefing or affidavits because it was not "in the home the day before the inspection, was not removed from the home in anticipation of the inspection, and had not been in the home for over a month before Plaintiffs received notice of Defendants' Inspection . . . ." (*Id.* at 4.)

III. Discussion

As noted in other rulings in this case, a Magistrate Judge has the authority to review, hear and "determin[e] non-dispositive motions, including, but not limited to, those relating to

3

discovery and other matters of procedure." D. Conn. L. Civ. R. for Magistrate Judges 72.1(C)(2). In the event a party timely objects to a magistrate judge's written determination, "in matters determined by the Magistrate Judge under Rule 72.1(C)(2) . . . the reviewing Judge . . . shall set aside any order found to be *clearly erroneous or contrary to law* . . . ." D. Conn. L. Civ. R. for Magistrate Judges 72.2(b) (emphasis added). "Under the clearly erroneous standard of review of [Fed R. Civ. P.] 72(a), the magistrate judge's findings should not be rejected merely because the court would have decided the matter differently. Rather, the district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008). Further, "a magistrate judge's decision is contrary to law only where it runs counter to controlling authority." *Id*.

Regarding the evidentiary record on which the Court bases its decision, while Rule 72(b)—regarding objections to a magistrate judge's recommended rulings—allows the district court to receive further evidence in order to conduct its *de novo* review, Rule 72(a), under which Plaintiffs' objection is considered, provides no such authority. Given that the Court functionally operates as an appellate tribunal under Rule 72(a), it should rarely exercise its discretionary power to entertain evidence outside the record. *See Hartford Roman Catholic Diocesan Corp. v. Interstate Fire & Cas. Co.*, No. 3:12-cv-1641 JBA, 2015 WL 164069, at *6-7 (D. Conn. 2015).

In the instant case, Plaintiffs neglect to recite or discuss this legal standard, instead treating the Objection as a chance to relitigate the motion for sanctions on an expanded evidentiary record. They do, however, isolate one of Magistrate Judge Margolis's findings as "error." (Pls.' Objection. [Doc. # 130-1] at 4.) Plaintiffs contend that

4

> in ruling on Defendant's Motions [for sanctions in connection with spoliation], this Court held that the video showed that Plaintiffs grossly understated the quantity of floor covering that was removed from the home that day. However, **this conclusion is erroneous** because neither Plaintiffs' Response nor the Affidavit of Richard Beyer submitted therewith addressed the Study Carpet that was on the back patio for over a month and subsequently disposed of prior to the inspection.

(*Id.*) (Emphasis added.) Plaintiffs contend that they did not need to mention the study carpet because the Defendants' motion focused on items removed from the home on the day before the inspection, while the study carpet was not in the home, but on the back porch. Further, Plaintiffs contend that they did not mention the study carpet because it is not relevant to the case.

As an initial matter, the Court declines to exercise its discretion to review an expanded record because all of the information belatedly proffered by Plaintiffs was available to them at the time they briefed their opposition papers. At that time, Plaintiffs knew that the leak in the roof had destroyed the ceiling and the carpeting in the study. Further, they knew that this carpeting was not in the house, but on the patio, and they knew that it had been on the patio since September. Finally, they knew that Mr. Beyer carted off this carpeting the day before the inspection. Plaintiffs were free to explain this at the time they briefed their opposition and to articulate why disposal of this carpeting was unproblematic. Instead, Mr. Beyer's first affidavit, submitted in support of Plaintiffs' opposition to Defendants' motion for sanctions, catalogued the removal of only two other floor coverings but made no mention of the ruined carpet from the study. (Beyer Aff., Ex. 14 to Pls.' Opp'n. [Doc. # 116] at ¶¶ 12-13.) Plaintiffs' brief was likewise silent.

The Court finds that Magistrate Judge Margolis did not rely on clearly erroneous facts or commit clear error in the application of the law to the facts based on the video. With respect to

5

Plaintiffs' specific objection, the Court agrees with Magistrate Judge Margolis that Richard Beyer's first affidavit grossly understated the amount of carpet removed.[1]

Further, the Court finds that issuing a sanction for spoliation was appropriate under the facts of the case. "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property, for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). To receive an adverse inference instruction, the moving party must show "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002).

With respect to the first prong, the Court finds that Plaintiffs did have an obligation to preserve the carpeting since it was potentially an alternative source of VOCs and Plaintiffs were aware that it may have been relevant to their pending litigation. *See Aktas v. JMC Development Co., Inc.*, 877 F. Supp. 2d 1, 12-13 (N.D.N.Y. 2001) (holding that the duty to preserve arises when a party has notice that evidence might be relevant to future litigation). Mr. Beyer had been on notice of the home inspection since Icynene first requested it in April 2015. (*See* Icynene Corp.'s First Set of Reqs. for Prod., Ex. J to Defs.' Reply [Doc. # 118-10].) As Defendants point out, Mr. Beyer was

---

[1] Plaintiffs further assert that they were not given the chance to rebut the videotape evidence. This conclusion assumes incorrectly that they could not have addressed the removal of the study carpet in their opposition papers.

aware that common household products, as well as carpeting, could be a source of VOCs. (*See* Defs.' Opp'n to Objection [Doc. # 130-1] at 7; *see also* Ex. 2 to Defs.' Opp'n (Doc. # 130-3].)

When Mr. Beyer knowingly removed the carpet, he did so with an apparently culpable state of mind. "The culpable state of mind factor is satisfied by a showing that the evidence was destroyed knowingly, even if without intent to breach a duty to preserve it, or negligently." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002). The videotape evidence, which shows Mr. Beyer lifting a series of rolled carpets from the ground and throwing them into the bed of his truck, reveals that he acted intentionally. (*See* Ex. I to Defs.' Reply [Doc. # 118].) The facts that he made no mention of this removal and that he undertook the task on the eve of inspection place M. Beyer's good faith in question.

Evidence is relevant if it has any tendency, however slight, to make a fact at issue in a litigation more or less probable. (*See* Fed. R. Evid. 401.) Plaintiffs do not contest that carpeting, and especially carpeting in the volume removed by Mr. Beyer, may be a source of VOCs. A factfinder could find that the carpeting removed by Mr. Beyer was an alternate source for any VOCs found in the air at Mr. Beyer's home, which would undermine Plaintiffs' theory of causation. Such evidence is relevant.

In sum, Mr. Beyer's removal of the carpet home satisfies all the criteria for spoliation. There was no clear error in Magistrate Judge Margolis's analysis.

The Court notes that, were it to consider the expanded evidentiary record, it would draw the same conclusion as Magistrate Judge Margolis, perhaps with even more force. Mr. Beyer's second affidavit, which states that his decision to move the carpet from his porch to his truck was merely an attempt to mitigate the damage caused by the leak in the study, appears to be an *ad hoc* attempt to explain away his suspiciously timed disposal of potentially relevant evidence. (*See*

7

Second Beyer Aff., Ex. 6 to Pls.' Objection [Doc. # 130-7] at ¶ 7.) Plaintiffs' attempt to attack the truthfulness of Defendants' private investigator misses the mark, as the interpretation of the videotape evidence does not depend on the investigator's truthfulness. (Pls.' Objection [Doc. # 130-1] at 3 n.4.) Plaintiffs' assertion that they "could not reasonably be expected to maintain the [study carpet] due to its condition" is belied by the fact that Plaintiffs did in fact maintain the carpet for approximately six weeks on the patio and threw it away only on the day before the home inspection. Finally, the photos Plaintiffs submit in support of their objection underscore why the carpeting would be an evidentiary focus of the inspection: these photos show carpeting throughout the house, suggesting the existence of a relatively large potential alternative source of volatile organic compounds ("VOCs") in the house. (*See* Ex. 13 to Pls.' Objection [Doc. # 130-14].)

Magistrate Judge Margolis properly exercised her discretion to fashion a remedy. However, in exercising its power to review Magistrate Judge Margolis's sanctions, the Court makes the following observations and minor changes to the remedy fashioned:

**Attorneys' Fees**. Magistrate Judge Margolis awarded attorneys' fees and costs solely for the motion for sanctions, the brief in support, the reply brief, and the cost of surveillance. The Court expands this sanction to include the costs and fees associated with Defendants' brief in opposition to Plaintiffs' objection to the ruling on sanctions. Defendants' properly supported application for attorneys' fees shall be submitted by September 21, 2016 and Plaintiffs' response thirty days thereafter.

**Adverse Inference**. Magistrate Judge Margolis stated that Defendants were entitled to an inference "that the floor covering that was removed from the Plaintiffs' home would be favorable to defendants' defense and unfavorable to plaintiffs' claims." Magistrate Judge Margolis did not specify whether this adverse inference should be treated as an irrebutable presumption, a

8

mandatory presumption that could be rebutted, or a permissive inference.[2] Given Plaintiffs' proffer of expert evidence that the soaking would, in effect, neutralize any VOCs that would have off-gassed, the Court will treat the adverse inference as a permissive inference that Plaintiffs may rebut, leaving the inferences from the timing of the roof leak, the resulting damage, and the air quality testing for future weighing.

**Preclusion:** Magistrate Judge Margolis left the issue of preclusions open to the discretion of the Court. Defendants have requested three preclusions: (1) precluding plaintiffs' reliance on air sampling, testing, monitoring and related reports purporting to show elevated levels of VOCs in their home; (2) precluding plaintiffs from offering testimony regarding what they claim to be elevated levels of VOCs in their home; and (3) precluding plaintiffs from testifying or opining as to any allegedly elevated levels of VOCs in plaintiffs' home. These preclusions may be addressed as part of the Parties' briefing on Defendants' forthcoming motions for summary judgment, and if that context is inadequate for such determination, Defendants may renew their requested preclusions in the form of pre-trial motions in limine.

---

[2] See *Pension Committee of University of Montreal Pension Plan v. Banc of America Securities*, 685 F. Supp. 2d 456, 470-71 (S.D.N.Y. 2010) (abrogated on other grounds in *Chin v. Port Authority of New York & New Jersey*, 685 F. 3d 135, 162 (2d. Cir. 2012)) (noting that adverse inferences issued as sanctions for spoliation vary in degree of harshness: "In its most harsh form, when a spoliating party has acted willfully or in bad faith, a jury can be instructed that certain facts are deemed admitted and must be accepted as true. At the next level, when a spoliating party has acted willfully or recklessly, a court may impose a mandatory presumption. Even a mandatory presumption, however, is considered to be rebuttable. The least harsh instruction permits (but does not require) a jury to presume that the lost evidence is both relevant and favorable to the innocent party.")

## IV. Conclusion

For the foregoing reasons, Plaintiffs' objection to Magistrate Judge Margolis' ruling on Defendants' motion for sanctions is OVERRULED.

IT IS SO ORDERED.

    /s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 30th day of August 2016.