IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

RICHARD BEYER and
MONICA BEYER,
    Plaintiffs,

v.

ANCHOR INSULATION CO.,
INC.; JOHNS MANVILLE, INC.;
JOHNS MANVILLE, INC. D/B/A
JOHNS MANVILLE INSULATION
SYSTEMS and ICYNENE
CORPORATION
    Defendants.

CIVIL ACTION NO.

3:13-cv-01576-JBA

March 6, 2017

## PLAINTIFFS' OBJECTION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE AND/OR RESTRICT THE TESTIMONY OF DR. DAVID NICEWICZ

Plaintiffs Richard and Monica Beyer herein object to Defendant Anchor Insulation Co., Inc.'s Motion in Limine to Preclude and/or Restrict the Testimony of David A. Nicewicz, Ph.D. Defendants have already attempted to exclude Dr. Nicewicz. The Court has specifically ruled as to the extent and nature of Dr. Nicewicz's testimony on the remaining issues. Dr. Nicewicz may testify as to Plaintiffs' remaining claims, based upon his knowledge training and expertise as a chemist. Dr. Nicewicz's testimony is directly relevant to Plaintiffs' failure to warn claim arising from Connecticut's Products Liability Act, and goes directly to the nature of the chemical contamination in Plaintiffs' home.

Plaintiffs' expert Dr. Nicewicz is an Associate Professor with permanent tenure and Director of Graduate Studies in the Department of Chemistry at the University of North Carolina at Chapel Hill ("UNC Chapel Hill"). (*Exhibit 1*, June 22, 2015 Report) Dr. Nicewicz has relevant experience and expertise in chemical safety, including chemical safety hazards,

chemical warnings labels, and safe chemical handling. (*Exhibit 2*, Nicewicz Depo. Vol. II, 116:7-117:13)  Dr. Nicewicz is also an expert in chemical hygiene. (*Exhibit 3*, Nicewicz Depo. Vol. I, 37:6-17)  Indeed, Dr. Nicewicz, in collaboration with his colleague Dr. David Lawrence, Ph.D., created a chemical safety and chemical hygiene course that is required for all students entering the Ph.D. program at UNC Chapel Hill. (*Id*. at 37:-42:11)  The course is based on safe chemical handling practices.  *Id*. The chemical safety and hygiene teachings in the course are equally applicable to laboratory and industrial standards.  *Id*.

Dr. Nicewicz is also an expert on spray polyurethane foam insulation ("SPF"). *Id*. at 51:1-52:11.  His expertise is based on understanding how isocyanates react and behave, safe chemical handling practices, reviewing SPF literature and research, and an understanding of SPF application procedures and SPF protocols. *Id*.  All of Dr. Nicewicz's opinions in this case are based on his knowledge and experience in Organic Chemistry, his personal research, and the materials identified in discovery. (*Exhibit 1*)

Dr. Nicewicz is also qualified to offer testimony on SPF and SPF installation procedures, and the contamination to Plaintiffs' home because of the lack of any reasonable safeguards.  To create SPF, installers mix two sets of chemicals and create a chemical reaction in a consumer's home which forms the final product.  *Id*. at 82:11-83:4.  Dr. Nicewicz discussed in great detail the importance of understanding all the variables involved in the chemical reactions that occur in the field during SPF installation, and the impact of those variables to the finished SPF product. (*Exhibit 2*, Nicewicz Depo. Vol. II, at 108:5-23. Nicewicz explains not understanding the variables involved can lead to a misapplied foam, degradation of the final product, and contamination.  *Id*. This is why a background in chemistry is so important to understanding SPF.  Defendants' own training materials are consistent with Dr. Nicewicz's testimony in the area of variables.   Dr. Nicewicz possesses

specialized knowledge regarding the hazardous chemicals that contaminated Plaintiffs home. Indeed, Dr. Nicewicz has a bachelors, masters, and doctorate in chemistry. (*Exhibits 1*)

Dr. Nicewicz opinions and based upon sound and reliable evidence relied upon by other experts in his field and in other fields. Evidence Code, Rule 703 provides that an expert:

> [C]an testify to opinions based on inadmissible evidence, including hearsay, if experts in the field reasonably rely on such evidence in forming their opinions. … The expert may not, however, simply transmit that hearsay to the jury. Instead, the expert must form his own opinions by applying his extensive experience and a reliable methodlogy to the inadmissible materials. Otherwise, the expert is simply repeated hearsay evidence without applying any expertise whatsoever, a practice that allows [parties] to circumvent the rules prohibiting hearsay.

*U.S. v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008) (internal quotations and citations omitted).

In forming his opinions, Dr. Nicewicz certainly relied upon statements made by Plaintiffs. A party's sworn testimony is not hearsay; this is the exact type of information experts generally rely upon in formulating their opinions. After all, it was Plaintiffs who were on scene during application and removal of the SPF. Further, Dr. Nicewicz considered other deposition testimony in addition to Plaintiffs.' (*Exhibit 3*, Nicewicz Depo. Vol. II, 99:14-23)

Dr. Nicewicz applied his specialized knowledge regarding the hazardous chemicals and safe chemical handling to the information he was provided by Plaintiffs and through discovery to form his opinions on the warnings Plaintiffs should have received. As such, his opinions are not based upon inadmissible hearsay and are proper under *U.S. v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008)(holding experts can testify to opinions based on inadmissible evidence, including hearsay, if "experts in the field reasonably rely on such evidence in forming their opinions.").

Defendant contends that Dr. Nicewicz's opinions concerning industrial hygiene, SPF, and SPF installation are restatements of hearsay and, as such, should be excluded. However, because Dr.

Nicewicz applied his own specialized knowledge, training and experience regarding on these issues, his testimony is properly admitted by the Court. *U.S. v. Mejia*, 545 F.3d 179, 197 (2d Cir. 2008)(holding experts can testify to opinions based on inadmissible evidence, including hearsay, if "experts in the field reasonably rely on such evidence in forming their opinions.").

As set forth below, Dr. Nicewicz has training regarding the chemicals within SPF insulation and the associated consequences based upon Anchor's contamination of the chemicals installed in the Beyers' home.

For the foregoing reasons, Defendants' Motion should be Denied and Dr. Nicewicz should be permitted to offer testimony at trial.

Respectfully submitted,

SMITH CLINESMITH, LLP

BY:/s/ Dawn M. Smith
Dawn M. Smith
Federal Bar #PHV06388
1700 Pacific Avenue, Suite 1650
Dallas, Texas 75201
Phone No. (214) 953-1900
Fax: (214) 953-1901
dawn@smithclinesmith.com

Mike McCabe
State Bar No. 307057
McCabe & Wikstrom, LLC
2 Broad Street, 2nd Floor
Milford, CT 06460
Telephone: (203) 882-9983
Facsimile: (203) 283-9275
Email: attorneymikemccabe@yahoo.com
*Attorneys for Plaintiffs*

**CERTIFICATION**

I hereby certify that on this 6th day of March, 2017, a copy of foregoing document was electronically filed through the Courts CM/ECF system. Notice of this filing will be sent by email to all parties by operation of the Court's CM/ECF system.

/s/ Dawn M. Smith
DAWN M. SMITH